IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02555-BNB

CANDY COPPINGER,

      Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES W. ZAVARAS,
GRIEVANCE OFFICER ANTHONY DeCESARO,
WARDEN REID,
ASSOCIATE WARDEN WASKO,
MAJOR McGOWN,
MAJOR THOMPSON,
CAPTAIN FILER,
LIETUENT [sic] SCOLERI,
LIETUENT [sic] HUGHBANKS,
SERGENT [sic] MINJAREZ,
SERGENT [sic] SALAZAR,
CORRECTION OFFICER MILLER,
GRIEVANCE COORDINATOR ELMA BIRD, and
UNKNOWN AT THIS TIME,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
PURSUANT TO 28 U.S.C. § 1915
WITHOUT PAYMENT OF AN INITIAL PARTIAL FILING FEE

---

Pursuant to the Court's November 2, 2010, Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915, Plaintiff filed an updated inmate account statement to show cause why she has no assets and no means by which to pay the designated initial partial filing fee. Based on the updated account statement that she submitted to the Court on November 8, 2010, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Section 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates that she has insufficient funds in her inmate account to pay an initial partial filing fee and that she has no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

Although she need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is GRANTED. It is

FURTHER ORDERED that Plaintiff may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is

2

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to her account or show cause why she has no assets and no means by which to make each monthly payment.  Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order.  Plaintiff must file a current certified copy of her trust fund account statement to show cause.  It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why she has no assets and no means by which to make the monthly payment the Complaint may be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.  It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with her payment obligations in the prior action or actions.**

DATED November 10, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02555-BNB

Candy Coppinger
Prisoner No. 59072
La Vista Corr. Facility
1401 W. 17th Street
Pueblo, CO 81003

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11 10 10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk