FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 07 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02555-LTB

CANDY COPPINGER,

    Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES W. ZAVARAS,
GRIEVANCE OFFICER ANTHONY DeCESARO,
WARDEN LARRY REID,
ASSOCIATE WARDEN KELLIE WASKO,
MAJOR. McGOWN,
MAJOR THOMPSON,
CAPTAIN FILER,
LIEUTENANT SCOLERI,
LIEUTENANT HUGHBANKS,
SARGENT MINJAREZ,
SARGENT SALAZAR,
CORRECTION OFFICER MILLER,
GRIEVANCE COORDINATOR ELMA BIRD, and
UNKNOWN,

    Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

The matter before the Court is the Motion for Reconsideration that Plaintiff, Candy Coppinger, a *pro se* prisoner litigant filed on March 2, 2011. Ms. Coppinger seeks reconsideration of the Order of Dismissal entered on February 22, 2011. The Court must construe the Motion liberally because Ms. Coppinger is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court dismissed this action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on March 2, 2011, within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). *See **Van Skiver***, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See **Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing ***Van Skiver***, 952 F.2d at 1243). In the Motion for Reconsideration, Ms. Coppinger cites to several state and federal cases in support of

her claim that the Colorado Department of Corrections (DOC) violated administrative regulations and "Statute 24-4-102(15)." (Mot. (Doc. No. 30) at 4.)

Upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Ms. Coppinger fails to demonstrate some reason why the Court should alter or amend the February 22 Order of Dismissal in this action. "[A] failure to adhere to administrative regulations does not equate to a constitutional violation." **See Hovater v. Robinson**, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993). Defendants' failure to process Ms. Coppinger's grievances in accordance with DOC administrative regulations does not state a violation of her due process rights. Ms. Coppinger's due process claims were reviewed pursuant to **Wolff v. McDonnell**, 418 U.S. 539 (1974), and **Superintendent, Mass. Correctional Inst., Walpole v. Hill**, 472 U.S. 445 (1985), and were found to be frivolous. Nothing Ms. Coppinger asserts requires a granting of her Motion for Reconsideration. Accordingly, it is

ORDERED that Ms. Coppinger's Motion for Reconsideration (Doc. No. 30) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 7th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02555-BNB

Candy Coppinger
Prisoner No. 59072
La Vista Corr. Facility
1401 W. 17th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk